IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-cr-30024-3 |
| ) | |
| CASSANOVA YOUNG, ) | |
| ) | |
| Defendant. ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Cassanova Young's Amended Motion for Compassionate Release (d/e 117) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motion is DENIED.

**I. BACKGROUND**

On February 10, 2015, Defendant pled guilty to possessing with the intent to distribute 28 grams or more of mixtures or substances containing a detectable amount of crack cocaine in violation of 21 U.S.C. § 841(a)(1), as charged in Count Ten of the Indictment. On June 15, 2015, the Court sentenced Defendant to 120 months' imprisonment and 8 years of supervised release.

Counts One and Nine of the Indictment were dismissed at Defendant's sentencing.

Defendant is currently serving his sentence at FCI Milan and has a projected release date of November 24, 2021. As of September 11, 2020, the Bureau of Prisons (BOP) reports that FCI Milan currently has two confirmed cases of COVID-19. See BOP: COVID-19 Update, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed September 11, 2020).

On August 14, 2020, Defendant filed a pro se motion for compassionate release (d/e 115) pursuant to 18 U.S.C. § 3582(c)(1)(A). On August 24, 2020, following the appointment of the Federal Public Defender's Office to represent Defendant, an Amended Motion for Compassionate Release was filed. In support of his request for compassionate release, Defendant claims that he is obese based on a weight of 220 pounds and a body mass index (BMI) of 31.6.

Defendant proposes to live with his mother if he is released from custody. The United States Probation Office, in a Memorandum (d/e 121) addressing Defendant's request for

compassionate release, concludes that Defendant's mother's apartment is a suitable residence for Defendant.

On August 27, 2020, the Government filed a Response Opposing Defendant's Motion for Compassionate Release (d/e 120). The Government points out that, according to the medical records filed in support of Defendant's Amended Motion for Compassionate Release, Defendant weighed 172 pounds in September 2019. Based on that weight, Defendant has a BMI of 24.7 and is not obese. The Government also notes that Defendant has committed two infractions while in BOP custody involving the possession of contraband or a dangerous tool and that Defendant is considered a medium recidivism risk by the BOP.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory

language at 18 U.S.C. § 3582(c)(1)(A).  See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194.  Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief.  With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate's request was received by the BOP, whichever is earlier.  The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in his term of imprisonment.  The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons.  Due to the infectious nature of the virus, the CDC and state governments have advised individuals to practice good hygiene, social distancing, and isolation.  Social distancing can be difficult for individuals living in a prison.

However, the circumstances that Defendant currently faces do not warrant a reduction in his term of imprisonment.  Defendant is only 32 years old, is not obese, and does not suffer from any health issues that increase the risk that COVID-19 poses to him.  FCI Milan, the facility where Defendant is currently housed, has only two confirmed cases of COVID-19.

In addition, Defendant has committed two infractions while in BOP custody and is considered a medium recidivism risk by the BOP.  The Court, taking all the relevant facts into account, finds that Defendant has not established that there exist extraordinary

and compelling reasons that warrant a reduction in his term of imprisonment.

### III. CONCLUSION

For the reasons set forth above, Defendant Cassanova Young's Amended Motion for Compassionate Release (d/e 117) and Defendant's pro se motion for compassionate release (d/e 115) are DENIED.

ENTER: September 11, 2020

*/s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE